IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES SPANGLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | NO. 4:14cv349 |
| vs. | § | |
| | § | JURY TRIAL DEMANDED |
| MOURIK, L.P., | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff James Spangler files this Complaint against Defendant Mourik, L.P.

## Parties

1.  Plaintiff James Spangler is an individual residing in Texas.

2.  Defendant Mourik, L.P. ("Mourik") is Texas limited partnership with its principal place of business in Houston, Texas. Mourik may be served with process through its registered agent, Maggie Fleming, 5847 San Felipe, Suite 2400, Houston, Texas 77057.

## Jurisdiction and Venue

3.  The Court has federal question jurisdiction over this case because the case arises under the Fair Labor Standards Act (FLSA).

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b) because both parties reside in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## Claim for Relief

5.  Mourik is a field service contractor. Mr. Spangler worked for Mourik as a project supervisor from January 2013 to November 2015.

1

6. Mourik has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Mourik's annual gross volume of sales made or business done is not less than $500,000. As a result, Mourik is subject to the minimum wage and overtime requirements of the FLSA.

7. Mourik classified Mr. Spangler and other project supervisors as exempt employee. However, project supervisors have no ability to hire or fire employees, nor do they have input into employment or compensation decisions that is given particular weight. In nearly three years as a project supervisor, Mr. Spangler interviewed only one candidate (who was not hired), rarely evaluated employees, never took any disciplinary actions, and never had any input into compensation decisions or termination decisions. All of these functions were handled by project managers, to whom project supervisors reported. Accordingly, Mr. Spangler was not an exempt employee.

8. Mr. Spangler often worked more than forty hours. Mourik did not pay anything extra for the overtime hours.

9. In November 2015, Mourik terminated Mr. Spangler. Mourik and Mr. Spangler subsequently entered into a severance agreement under which Mr. Spangler purported to release any claims against Mourik. However, this was not the settlement of a bona fide dispute as to hours worked and compensation owed. Accordingly, the severance agreement did not effectuate a release of claims under the FLSA. *Bodle v. TXL Mortgage Corp.*, 788 F.3d 159 (5th Cir. 2015).

10. All conditions precedent have been performed or have occurred.

11. Mourik violated the FLSA by misclassifying Mr. Spangler and similar employees as exempt from the overtime requirements of the FLSA and by failing to pay them overtime. Mr. Spangler, individually and on behalf of other persons similarly situated, is therefore entitled to recover (a) back pay equal to the amount of unpaid overtime from past pay periods, (b) an additional equal amount as liquidated damages under section 216 of the Fair Labor Standards Act, (c) attorneys' fees, (d) post-judgment interest, and (e) all costs of court.

Plaintiff requests that Defendant be cited to appear and answer, and that on final hearing the Court award the following relief to Plaintiff and against Defendant:

(a) actual and liquidated damages for unpaid overtime;

(b) reasonable attorneys' fees;

(c) pre- and post-judgment interest as provided by law;

(d) all costs of court; and

(e) any other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ David C. Holmes
David C. Holmes, Attorney in Charge
State Bar No. 09907150
Southern District No. 5494
13201 Northwest Freeway, Suite 800
Houston, Texas 77040
Telephone: 713-586-8862
Fax: 713-586-8863

ATTORNEY FOR PLAINTIFF